UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00169-FDW-DCK

| | |
|---|---|
| MORTGAGE GUARANTY INSURANCE CORPORATION, ) ) ) Plaintiff, ) ) vs. ) ) ANGEL L. RIVERA, ) ) Defendant. ) ) ) | ORDER |

THIS MATTER comes now before the Court upon the Motion to Dismiss by <u>pro se</u> Defendant Angel Rivera (Doc. No. 5). Before considering the Motion to Dismiss the Court considers <u>sua sponte</u> the issue of subject matter jurisdiction. By Notice of Removal, Defendant claims this Court has jurisdiction under diversity of citizenship pursuant to § 1332(a)(1) and § 1332 (c)(1) (Doc. No. 1). For the reasons stated below, removal of this case on the basis of diversity of citizenship is improper and pursuant to § 1447(c) this case is REMANDED to the Mecklenburg County Civil Superior Division.

**I. BACKGROUND**

According to the Complaint, Plaintiff Mortgage Guaranty Insurance Corporation is a corporation engaged in the business of providing private mortgage insurance for the benefit of mortgage lenders. (Doc. No. 1-1, p. 3). Plaintiff is organized and incorporated in the State of Wisconsin and licensed as an insurance company by the State of North Carolina. <u>Id</u>. Defendant is an adult individual and resident of Mecklenburg County, North Carolina. Id. at 17. On or about March 19, 2008, Sue Hicks in her capacity as authorized agent for Defendant signed and delivered

1

a promissory note to Bank of America, N.A. ("Lender"), stating Defendant promised to pay Lender the principal amount of $157,500 plus interest at an annual rate of 6.625%, in monthly installments. Id. at 4.

Plaintiff alleges Defendant defaulted under the terms of the Note. (Doc. No. 3-1, p. 1). The Substitute Trustee initiated foreclosure proceedings, and at public auction on March 27, 2018, Lender was the highest and last bidder for the Property, bidding $209,900. (Doc. No. 1-1, p. 4). Plaintiff (as the insurer) provided private mortgage insurance to and for the benefit of the Note Holder (the insured) with respect to the Note and the Deed of Trust, issuing a policy of mortgage guarantee insurance that protected the Note Holder in the event of default by the borrower. Id. at 5. Bank of America, N.A. was the Note Holder as of March 27, 2018. Id. at 4. On or about April 24, 2018, the Note Holder filed a claim for loss against Plaintiff. Id. at 5. The Complaint indicates the claim for loss was $254,400.84. Id. at 16.

After crediting all payments and credits to which Defendant may be entitled, Plaintiff maintains the balance due and owing on the Note to be $35,597.54 as of March 27, 2018. Id. Plaintiff asserts that as the insurer, Plaintiff was required to pay, and did pay, a payment to the Note Holder (the insured) in an amount greater than $35,597.54 in connection with the loss (Doc. No. 5, p. 4). Pursuant to the terms of the policy, Plaintiff posits it was subrogated to the rights of the Note Holder (the insured), including the right to collect from Defendant the $35,597.54 "Deficiency Balance." Id. Defendant alleges that pursuant to the Deed of Trust they were obligated "to pay the premiums required to maintain the mortgage in effect," and challenges Plaintiff's right to recover the "Deficiency Balance" (Doc. No. 3, p. 2).

Believing Defendant was a resident of Cabarrus County, Plaintiff filed its complaint in the General Court of Justice Superior Court for Cabarrus County, North Carolina on January 22, 2019, seeking a deficiency judgment of $35,597.54 plus interest at the rate of 6.625% per annum from and after March 27, 2018 until paid, plus costs of this action. Id. at 1. Defendant was served the Summons and Complaint on March 5, 2019. Plaintiff, on March 8, 2019, made a motion pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and N.C. Gen. Stat. § 1-83 for an Order to change venue from Cabarrus County to Mecklenburg County, where Defendant is now a resident (Doc. No. 1-1, p. 17). Defendant filed timely notice of removal on April 4, 2019 (Doc. No. 1).

## II. STANDARD OF REVIEW

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Defendant asserts that this Court has original subject matter jurisdiction solely on the basis of diversity of citizenship under § 1332(a) (Doc. No. 1). When subject matter jurisdiction is based on diversity of citizenship, "[(1)] no plaintiff may be a citizen of the same state as any defendant, and [(2)] the amount in controversy must exceed $75,000, exclusive of interest and costs." Elliott v. Am. States Ins. Co., 883 F.3d 384, 394 (4th Cir. 2018) (citing 28 U.S.C. § 1331(a)(1)). Further, "[t]he party seeking removal bears the burden of establishing federal subject matter jurisdiction." Jones v. Wells Fargo Co., 671 F. App'x 153, 154 (4th Cir. 2016); Hoshar v. Appalachian Power Co., 739 F.3d 163, 169 (4th Cir. 2014).

In consideration of "well-established federalism concerns, removal jurisdiction must be strictly construed." Jones, 671 F. App'x at 154. Thus, 28 U.S.C. § 1447(c) provides, "[i]f at any

time before final judgement it appears that the district court lacks subject matter jurisdiction the case shall be remanded." See also Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (per curiam) (declaring "if federal jurisdiction is doubtful, a remand to state court is necessary"). Therefore, pursuant to 28 U.S.C. § 1447(c), "[t]he objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court *on its own initiative*, at any stage in the litigation." Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (emphasis added).

In determining whether this Court has subject matter jurisdiction, the citizenship of the parties will first be analyzed. If the parties are determined to be completely diverse, this analysis will then examine whether the amount in controversy exceeds $75,000, exclusive of interest and costs.

### III. ANALYSIS

For purposes of diversity of citizenship, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In determining a corporation's principal place of business, the Supreme Court held in Hertz Corp. v. Friend that principal place of business "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," otherwise known as its "nerve center" 559 U.S. 77, 80 (2010).

Individuals are citizens where they are "legally domiciled." Sun Printing & Publ'g Ass'n v. Edwards, 194 U.S. 377, 382 (1904). In determining an individual's domicile, courts may consider factors such as "the person's declarations, place of business, payment of taxes, house of residence, driver's license and automobile registration and title, ownership of real and personal

4

property." Movement Mortg., LLC v. McDonald, No. 317CV00716RJCDSC, 2018 WL 3901304, at *2 (W.D.N.C. June 11, 2018).

Plaintiff is incorporated and organized in the State of Wisconsin. Plaintiff's complaint lists Defendant as a North Carolina resident, which Defendant does not dispute in his Notice of Removal or Motion to Dismiss. The Court therefore presumes without deciding there is complete diversity between the parties sufficient for purposes of subject matter jurisdiction on the basis of diversity of citizenship.

Under the presumption that there is diversity of citizenship between the parties, the analysis now turns to whether Defendant meets his burden of establishing that the amount in controversy exceeds $75,000, exclusive of interest and costs. Under 28 U.S.C. § 1446(c)(2), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013). If the plaintiff's complaint does not allege a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir.1993).

Here, Plaintiff, in its complaint, seeks relief of $35,597.54 plus interest at the rate of 6.625% per annum from and after March 27, 2018, until paid. Following 28 U.S.C. § 1446(c)(2), this amount fails the amount in controversy requirement. Defendant avers in its notice to remove that the amount in controversy is the total claim for loss reported in Exhibit E of Plaintiff's complaint, which is $254,400.84. Yet, this is not "the sum demanded in good faith" by the Plaintiff in its initial pleading as Plaintiff demands $35.587.54 plus interest from and after March 27, 2018, from Defendant. (Doc. No. 1-1, p. 4).

Review of case law shows the Fourth Circuit has recognized the value of the real estate as the amount in controversy in actions to quiet title. See Peterson v. Sucro, 93 F.2d 878, 882 (4th Cir.1938) (stating "the amount in controversy is the value of the whole of the real estate to which the claim extends" in actions to quiet title). However, this is not an action to quiet title as neither party disputes who has title to the Property, nor does either party dispute the foreclosure of the Property. The only apparent dispute is over the deficiency judgment sought by the Plaintiff, which does not exceed $75,000.

## IV. CONCLUSION

Therefore, with respect to the legitimate concerns for federalism highlighted earlier, "[when] federal jurisdiction is doubtful, a remand to state court is *necessary*." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (per curiam) (emphasis added). The Court orders this case to be REMANDED to the Mecklenburg County Civil Superior Division. Plaintiff's Motion to Dismiss in this court is denied as moot without prejudice to be refiled under the state proceedings following remand.

IT IS SO ORDERED.

Signed: May 28, 2019

_____
Frank D. Whitney
Chief United States District Judge